```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

LINDA LONG                             :
                                       :
    Plaintiff-Appellant,            :      CIVIL ACTION
                                       :
v.                                     :      NO. 1:12-CV-3994-WSD-ECS
                                       :
CAROLYN W. COLVIN,                     :
Commissioner of Social Security        :
                                       :
    Defendant-Appellee.             :

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff-Appellant ("Appellant"), proceeding pro se and in forma pauperis, initiated the present action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits. [Doc. 1]. This matter is before the Court on the Commissioner's motion for remand pursuant to sentence six of 42 U.S.C. § 405(g). [Doc. 13]. Appellant has filed no response opposing the Commissioner's motion for a remand; thus, the Commissioner's motion is deemed unopposed. See LR 7.1B, NDGa.

The Commissioner argues that a sentence six remand is necessary in this case because "significant portions" of the recording of Appellant's administrative hearing are inaudible, thereby raising

"considerable question" as to the content of the vocational expert's testimony at the hearing. [Doc. 13 at 4].

According to sentence six:

> The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

Where the recording of the claimant's administrative hearing is lost, inaudible, or cannot otherwise be transcribed, courts have long found good cause to remand the case so that the Commissioner may produce a record that the court is able to review. See Bivines v. Bowen, 833 F.2d 293, 295 (11th Cir. 1987) (noting that the district court remanded for another full hearing and review of the entire record); Scott v. Bowen, 808 F.2d 1428, 1429 (11th Cir. 1987) (noting that the district court remanded for the ALJ to hold a new

2

hearing); Carrington v. Heckler, 587 F. Supp. 61, 61-62 (M.D. Ga. 1984) ("Because a substantial part of the verbal testimony is missing, the entire record is not before the court. Therefore, the court can reach no decision on whether the Secretary's decision was supported by substantial evidence. The case is therefore remanded for rehearing."). Accord McKenzie v. Astrue, 442 F. App'x 161, 163 (5th Cir. 2011) (per curiam) ("This court has recognized that the legislative history of 42 U.S.C. § 405(g) authorizes, with limitation, a lost record or a lost claim file as constituting good cause for a court to remand a claim to the Agency.").

In this case, without a complete transcript of Appellant's administrative hearing, the undersigned would be unable to determine whether the Commissioner's decision was supported by substantial evidence. Accordingly, **IT IS RECOMMENDED** that the Commissioner's unopposed motion for a remand, [Doc. 13], be **GRANTED** and that this matter be **REMANDED** to the Commissioner under sentence six of 42 U.S.C. § 405(g). On remand, the Appeals Council shall remand the case to an administrative law judge to consider the entire record, hold another hearing, and issue a new decision.

**SO REPORTED AND RECOMMENDED**, this 28th day of June, 2013.

   s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)