IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDA LONG,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security

      Defendant-Appellee.

1:12-cv-3994-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [14] ("R&R") recommending remand of this action to the Commissioner of Social Security under sentence six of 42 U.S.C. § 405(g).

**I.   BACKGROUND**

On February 6, 2013, Plaintiff-Appellant Linda Long ("Appellant"), proceeding *pro se*, filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her disability benefits.  On June 7, 2013, the Commissioner filed her Motion for Remand pursuant to sentence six of 42 U.S.C. § 405(g).  Plaintiff did not oppose the Motion for Remand.

On June 28, 2013, Magistrate Judge Scofield issued his R&R recommending that the Motion for Remand be granted.  Magistrate Judge Scofield found that a remand is necessary because significant portions of the recording of Appellant's administrative hearing are inaudible, raising "considerable question" as to the content of the testimony of the vocational expert.

Neither party filed an objection to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.   Analysis

The parties do not object to the Magistrate Judge's findings that a remand

pursuant to 42 U.S.C. § 405(g) is necessary because portions of the administrative hearing record were lost or are inaudible.  The Court does not find plain error in these findings.  See 42 U.S.C. § 405(g) (authorizing remand on motion of the Commissioner for modification or affirmation of the record upon incorporation of additional material evidence); Bivines v. Bowen, 833 F.2d 293, 295 (11th Cir. 1987) (noting that the district court remanded for another full hearing and review of the entire record).  The Court finds that this action should be remanded under sentence six of 42 U.S.C. § 405(g).

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [14] is **ADOPTED**.  This action is **REMANDED** to the Commissioner for further consideration of Appellant's claims consistent with this opinion and the Final Report and Recommendation.

**SO ORDERED** this 30th day of September, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE